IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN DAVID MANSON,

          Plaintiff,

v.                                                                 Civ. No. 04-1036 JH/WDS

NEW MEXICO BOARD OF BAR
EXAMINERS,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *Defendant's Motion to Dismiss Complaint for Lack of Jurisdiction* [Doc. No. 5]. The primary issue before the Court is whether the *Rooker-Feldman* doctrine prevents this Court from taking jurisdiction over Plaintiff's claims. Because the Court finds that it lacks jurisdiction, Defendant's motion should be granted.

**FACTS**

The Court has gleaned the following procedural and factual history from Plaintiff's Complaint, as well as the briefs and exhibits filed by the parties.

Plaintiff has twice applied to be a member of the New Mexico Bar, and has been twice rejected. On September 7, 2001, he filed his first application. The New Mexico Board of Bar Examiners ("the Board") conducted two hearings on the matter, and on October 16, 2002, the Board recommended that Plaintiff's application be denied. On November 25, 2002, in accordance with Rule 15-301 of the Rules Governing Admission to the Bar, Plaintiff filed an appeal with the New Mexico Supreme Court. On April 2, 2003, the Supreme Court issued an Order denying Plaintiff's first petition for admission to the bar. Defendant's Exhibit 1. A short time later, on April 8, 2003,

Plaintiff was diagnosed with Asperger's Syndrome. Complaint at p. 4

On July 3, 2003, Plaintiff applied for bar membership a second time, and he submitted written materials regarding his medical condition. Complaint at p. 4. On October 8, 2003, the Board conducted a hearing on his second application. Among the issues discussed at the hearing was whether Plaintiff's disability could be accommodated. Id. at pp. 4-5. On December 11, 2003, the New Mexico Board of Bar Examiners issued its "Findings of Fact, Conclusions of Law, and Recommendation" that Plaintiff's second application be denied. The Board's ultimate finding of fact was that "Manson does not demonstrate that he is a person of good moral character or overall fitness required for admission to the New Mexico Bar." Defendant's Exhibit 2 at ¶ 4. The Board also concluded that Manson was not entitled to accommodation under the Americans With Disabilities Act ("ADA"). Id. at p. 5.

On February 9, 2004, Plaintiff again appealed the Board's decision to the New Mexico Supreme Court. In an Order issued on April 20, 2004, the Supreme Court denied Plaintiff's petition, finding that "petitioner suffers from Asperger's disorder, a permanent and incurable developmental disorder" that prevents him from practicing law without supervision and limits the contact he should have with clients. Defendant's Exhibit 3. The Supreme Court then concluded that "the rules governing the admission to the bar do not contain provisions for granting a limited or conditional license to practice law under these unique circumstances." Id. Plaintiff filed a motion for reconsideration of the decision, which the Supreme Court denied on September 13, 2004.

Plaintiff did not seek review of this decision with the United States Supreme Court, as he was entitled to do in accordance with 28 U.S.C. § 1257. Instead, on September 14, 2004, Plaintiff filed his Complaint in this case, alleging jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). In that

Complaint, Plaintiff claims that the Board's decision in recommending that he be denied admission to practice law in New Mexico violates the ADA. Plaintiff requests that this Court issue an injunction against the Board requiring it to accommodate Plaintiff's disability by giving him conditional admission to the bar with supervision. Complaint at p. 17. In an Amended Complaint, Plaintiff also requests money damages. Amended Complaint at p. 18. A liberal reading of the Amended Complaint also suggests that it may contain a claim for violation Plaintiff's constitutional right to procedural due process.

## **DISCUSSION**

Under the doctrine that has arisen from two Supreme Court cases, *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), a federal district court does not have subject matter jurisdiction to hear appeals from final judgments of state courts. This doctrine is based upon an inference that follows from 28 U.S.C. § 1257(a) which provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." Appellate jurisdiction over state court judgments having been vested in the Supreme Court, it follows that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment" of a state's highest court. *Rooker*, 263 U.S. at 416.

In *Rooker*, the harm alleged in federal court was based on the supposed errors made by the Indiana Supreme Court in deciding the plaintiffs' constitutional claims. Because federal district court jurisdiction is "strictly original," the Supreme Court affirmed the district court's dismissal of the case for lack of subject matter jurisdiction. *Id.* To allow a district court to modify the judgment of a state

3

court "would be an exercise of appellate jurisdiction," *id*., that is implicitly denied to district courts. Thus, under the *Rooker-Feldman* doctrine, a party who loses in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)).

The *Rooker-Feldman* doctrine also forbids a district court from entertaining claims "inextricably intertwined" with a state court judgment. *Feldman*, 460 U.S. at 483, n. 16. *Feldman* presented the question whether the district court had jurisdiction to review a District of Columbia court's refusal to grant plaintiffs a waiver to take the District of Columbia bar exam. *Id*. at 482. In response, the Supreme Court reasoned that "if the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's ... [state court claims], then the district court is in essence being called upon to review the state-court decision." *Id*. at 483, n. 16. If the actual claim brought in federal court has not been adjudicated in a prior state court proceeding, then a district court must determine whether "in essence" a party seeks review of the state-court judgment. *Id*.

To determine whether *Rooker-Feldman* deprives a federal court of jurisdiction, the Court must determine "whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress." *Kenmen Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002). In other words, the Court must determine "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Id*. (citing *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)).

4

After applying the foregoing principles to the facts in this case, the Court is convinced that it lacks subject matter jurisdiction because each of Plaintiff's claims is inextricably intertwined with the New Mexico Supreme Court's decision to deny Plaintiff admission to practice law in this state. The injuries that Plaintiff is asserting—violation of his constitutional rights and rights under the ADA—all resulted from the state court judgment denying him admission to the state bar, and his goal in this litigation is to reverse the decision of the New Mexico Supreme Court. Thus, the resolution of Plaintiff's claims in this case will necessarily require consideration of that decision in contravention of the *Rooker-Feldman* doctrine.

This conclusion is further supported by two recent decisions by the Court of Appeals for the Tenth Circuit, *Smith v. Mullarkey*, 2003 WL 21350579 (10th Cir. June 11, 2003) and *Guttman v. Khalsa*, -- F.3d --, 2005 WL 615868 (10th Cir. March 17, 2005). In *Smith*, which is startlingly similar to this case, an unsuccessful applicant to the Colorado state bar sued members of the board of bar examiners and the state supreme court, alleging violations of his federal constitutional rights and of the ADA. The Tenth Circuit found that his claims were inextricably intertwined with the prior state court judgment, and therefore *Rooker-Feldman* barred jurisdiction in the federal district court. *Smith*, 2003 WL 21350579 at **2-3. *Guttman* involves a similar claim by a physician who claimed that the revocation of his medical license by New Mexico state officials violated his rights under the ADA and the Constitution. As the court reasoned in *Guttman*, "we are deprived of jurisdiction over Guttman's ADA and § 1983 claims because they are but alternate routes to achieving his desired relief—judicial reinstatement of his medical license." *Guttman*, 2005 WL 615868 at *4.

Because this Court is bound by the United States Supreme Court's decisions in *Rooker* and *Feldman*, as well as the Tenth Circuit's interpretation and application of those cases in the *Kenmen*,

5

*Smith*, and *Guttman* decisions, the Court finds that it lacks subject matter jurisdiction to hear this case.

IT IS THEREFORE ORDERED that *Defendant's Motion to Dismiss Complaint for Lack of Jurisdiction* [Doc. No. 5] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE